UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA D. COOPER,<br><br>        Plaintiff,<br><br>    vs.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>        Defendant. | CASE NO. ED CV 05-00205 (RZ)<br><br>MEMORANDUM OPINION<br>AND ORDER |

        Plaintiff asserts that the Administrative Law Judge erred by failing to consider the lay witness testimony, by failing to consider the treating physician's opinion of disability, and by failing to call a vocational expert. Finding that these arguments do not justify reversal or remand, the Court affirms the Commissioner's decision.

        An August 12, 2002 decision by the Administrative Law Judge, which went unappealed and therefore became final, established that Plaintiff was not disabled and had a residual functional capacity for a range of light work. [AR 87] The decision here concerns an application that was filed four days later. The Administrative Law Judge in the present case determined that Plaintiff had suffered some physical deterioration in August 2003, but that the changes did not last a period of twelve months or longer, and therefore the prior determination was entitled to res judicata effect. [AR 14] Under Social

Security law, this determination was correct, *see Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), and it meant that the prior residual functional capacity finding continued to govern.

The statement of the lay witness did not establish more significant changed circumstances. Indeed, the lay witness's statement was made in January 2003 [AR 154], and a month later a consulting physician determined that Plaintiff had a functional capacity quite similar to that found by the Administrative Law Judge the previous August. [AR 239] The Administrative Law Judge noted this result in his decision [AR 12], thus giving the evidence behind a conclusion that there were not changed circumstances, other than the temporary ones which took place in September 2003, when Plaintiff fell.

The physician's statement in October 2003 can be read as limited as well. The Administrative Law Judge rejected it as inconsistent with other evidence in the record, which it is, particularly in terms of an impairment likely to last more than twelve months. As the Administrative Law Judge also noted, there was "no longitudinal confirmation of consistently severe limitations that would preclude the performance of a wide range of light work." [AR 13] The Administrative Law Judge was within his authority in giving little weight to this opinion, insofar as it did not indicate a lasting change in Plaintiff's abilities.

The previous residual functional capacity continuing to apply under *Chavez*, there was no need for the Administrative Law Judge to call a vocational expert to testify.

The decision is affirmed.

DATED: July 5, 2006

/s/ Ralph Zarefsky
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE